■ In the Matter of Ross A. PETITJEAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is an attorney admitted to practice by this court in 1976. He is currently associated with a law firm in Clifton Park.

By petition filed March 28, 1989, petitioner Committee on Professional Standards commenced the instant disciplinary proceeding charging respondent with several counts of misconduct. Respondent filed an answer admitting most of the factual allegations supporting each of the charges. Based upon respondent's admissions, petitioner moved for an order declaring that no substantial factual issues were raised and fixing a time at which respondent could be heard in mitigation or otherwise (22 NYCRR 806.5). Petitioner's motion was granted by decision dated July 17. Respondent thereafter appeared before the court and was heard in mitigation.

The first three charges in the petition arise out of respondent's dealings with Frank and Madeline Bianchine. It ap-

pears that in March 1985 respondent was consulted by the Bianchines, who were longtime clients of his, regarding recovery of damages for personal injuries sustained by Mrs. Bianchine as a result of an accident which occurred at a hotel in Louisiana. The petition alleges that respondent neglected the Bianchines' claim, that he permitted the Statute of Limitations to run, and that, in an attempt to conceal his neglect, he advised the Bianchines that a settlement offer of $3,000 had been made and thereafter presented them with a check for $2,200 representing their share of the purported settlement. Based upon this conduct, respondent is charged with neglect in violation of Code of Professional Responsibility DR 6-101 (A) (3), misleading and deceiving clients in violation of DR 1-102 (A) (4), and attempting to limit his liability to clients in violation of DR 6-102 (A).

Charges IV and VII allege that respondent failed to maintain a proper escrow account and records as required by section 806.18 of this court's rules (22 NYCRR 806.18). More specifically, it is averred that respondent failed to deposit a check for $11,500, received in connection with a real estate transaction, in an identifiable escrow account, and that, with regard to another client check for $1,700 deposited to his attorney-at-law account, he permitted the account balance to fall below the amount required to be maintained on behalf of the client. Charge V concerns respondent's issuance of checks to two clients which were returned for insufficient funds. Charge VI contains another allegation of neglect arising out of respondent's failure to have a deed executed and filed following a closing. Finally, charge VIII is based on respondent's failure to cooperate with petitioner in its investigation of complaints made against him.

As noted, respondent has effectively admitted the factual allegations giving rise to the charges lodged by petitioner. In mitigation, however, he submits that his misconduct was the result of severe pressures brought about by an overwhelming workload in the extremely busy law office where he is employed. Respondent further notes that the stresses associated with his practice were compounded by personal and family problems. In addition, he states that none of the complainants suffered monetary loss as a result of his actions and none of his conduct was motivated by self-interest or an intent to defraud. Lastly, respondent provides affidavits from three local attorneys who attest to his good character and also corroborate his claim in mitigation that he was experiencing a great

deal of stress and pressure during the time when his misconduct occurred.

Although it is apparent that respondent's conduct was not motivated by greed, self-dealing or an intent to defraud, we find that his actions, especially the deception of Bianchines, the escrow account violations and his failure to cooperate with the committee, constitute misconduct which is not insubstantial and which warrants discipline. In determining the appropriate sanction, we have taken into consideration the facts that the harm to respondent's clients appears to have been minimal, that he was subject to appreciable stress and pressure in both his professional and family life, and that his professional record has heretofore been unblemished. We therefore conclude that respondent should be suspended from practice for a period of six months.

Respondent suspended from the practice of law for six months and until further order of the court, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.